Edmund R. PITTS, Plaintiff,

v.

UNITED STATES of America and Military Sealift Command Atlantic, Defendants.

Civ. A. No. 76-4262-C.

United States District Court, D. Massachusetts.

Oct. 27, 1978.

Edmund M. Pitts, Boston, Mass., for plaintiff.

Patrick A. Fayle, Trial Atty., Admiralty & Shipping Section, Washington, D. C., for defendants.

OPINION

CAFFREY, Chief Judge.

This is a civil action which was originally filed as an action for breach of a contract for wages with an ad damnum of $877.78. Subsequently, plaintiff amended the complaint to increase the ad damnum in the contract claim to $1,800, and, a few months thereafter, plaintiff again amended the complaint to add a second count in tort for libel with an ad damnum of $100,000. The case was tried to the court without a jury, and, after trial, I find and rule as follows:

Plaintiff is a resident of the Commonwealth of Massachusetts, and defendants are the United States of America and the Military Sealift Command Atlantic. The Military Sealift Command Atlantic is a subdivision of the United States Navy and as such is not a separately suable entity. Accordingly, *sua sponte* the complaint is dismissed as to the Military Sealift Command Atlantic.

At the trial plaintiff called two witnesses—himself and a representative of the Marine Engineers Beneficial Association of the Port of Boston. The government called no witnesses and filed a motion for dismissal under Rule 41 of the Federal Rules of Civil Procedure at the conclusion of plaintiff's case. During the presentation of plaintiff's case, plaintiff introduced 19 documentary exhibits and the government introduced 8 documentary exhibits.

Plaintiff testified that he graduated from the Massachusetts Marine Academy in June of 1972, did some work in the maritime industry as a third assistant engineer after

graduation, and enrolled as a day student at Suffolk Law School in September, 1973. He completed his first year of law school in 1974 and his second year of law school in 1975. He testified that he was "broke" when he completed his second year of law school so he decided to take a semester or possibly two semesters off from law school in order to earn the funds necessary to pay the $1,000-per-semester tuition for the two semesters of his third and final year at law school. Plaintiff sought and obtained employment as a third assistant engineer with the Military Sealift Command Atlantic in response to an advertisement he observed in a Boston newspaper. Among the papers he processed in qualifying for that employment was Government Exhibit E—a standard form oath of office required of all newly appointed federal employees. This form, the contents of which need not be restated herein, makes it obvious to any person who can read and write ordinary English that the party executing same does so in connection with accepting employment as a federal employee. Having in mind plaintiff's demeanor, experience, educational background, and the fact that he completed two years of law school prior to executing that document, I find that his sworn testimony that, despite the contents of the oath which specifically identified the employing agency as Department of the Navy, he did not realize he was becoming a federal employee by accepting employment with an entity named "Military Sealift Command Atlantic" was a deliberate misrepresentation on the part of plaintiff. I do not believe his testimony that he suddenly decided to terminate his employment on August 7, 1975 because the Captain of the vessel HAYES, upon which he had served as third assistant engineer from June 16, had sharply decreased the amount of overtime work in the few weeks immediately prior to August 7. I find that plaintiff decided to abruptly terminate his federal employment for two reasons (1) the fact, which he himself testified to, that by August 13 he had already earned between $3,000 and $3,500 which was more than adequate to pay for his law school tuition

for the upcoming school year and (2) because he wished to complete the third year of law school without a break in the continuity of the three years. Plaintiff conceded that, after leaving the HAYES in Halifax, Nova Scotia, he did, in fact, return to law school and complete the third year.

■ In his memorandum of law plaintiff claims a plethora of rights as a merchant seaman, while denying that his status was that of a civilian federal employee. I rule that at all times material to this case plaintiff's status, as he well knew, was that of a civilian employee of the Military Sealift Command Atlantic of the Department of the Navy; that his rights and duties are not the same as those of a merchant seaman working for a private employer but are rather those described in the Civilian Marine Personnel Instructions introduced into evidence by the government. *See, e. g., Amell v. United States,* 384 U.S. 158, 86 S.Ct. 1384, 16 L.Ed.2d 445 (1966). More specifically, I rule that Pitts had no right whatever to abandon the HAYES in a foreign port without first obtaining approval of the commander of the home port. The master of the HAYES did request such authorization to accept plaintiff's resignation when tendered to him at Halifax but that authorization was refused by the home port commander, and Pitts was so notified. I find and rule that, when plaintiff departed the HAYES in Halifax, Nova Scotia, he did so without legal authority and with the intention of not returning. I find that the subsequent administrative ruling that he deserted the HAYES and in so doing violated CMPI 750.5–4(a)(b) is a proper and legally valid finding, and I find that the administrative ruling that plaintiff deserted the HAYES and as such was liable to forfeiture for all wages due to him from the voyage is likewise warranted and supported by the record. I further rule that plaintiff was given an adequate opportunity by the Department of Navy to rebut the charges and failed to do so. Accordingly, I rule that plaintiff is not entitled to prevail on his wage claim, and I further rule that, because plaintiff did, in fact, desert the HAYES, he

has not proven a cause of action in libel nor has he offered any evidence of any damages even had he proved that a libel had occurred. Accordingly, an order will be entered dismissing the second amended complaint.